UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYNELLA HART, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-335 |
| | § | |
| SELECT SPECIALTY HOSPITAL- | § | |
| HOUSTON LP, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

   Pending before the Court is Defendant Select Medical Corporation's ("SMC") Notice of

Removal and Request for Severance and Remand (Doc. 1) of Plaintiff Lynella Hart's ("Hart")

Texas state law claims from her ERISA claim. Upon review and consideration of the motion, the

response, and reply thereto, the facts in the record, and the applicable law, the Court concludes

that the request for severance and remand should be granted.

**I.  Background**

   This is a slip and fall case brought by Hart against her former employer, Select Specialty

Hospital ("the Hospital"), and against SMC, the administrator of the Hospital's Injury Benefits

Plan ("the Plan"). Pl.'s First Amended Pet. ¶¶ 1.0–3.01, Doc. 1-6. The Plan is governed by the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1101–1461. *Id.* at

¶ 4.03. Hart alleges that she was injured on July 7, 2010 when she slipped and fell on a puddle

of water in a hallway at the Hospital while on her meal break. *Id.* ¶ 3.01. Shortly after the

incident, Hart submitted a claim to SMC for benefits under the Plan. *Id.* ¶ 4.03. Hart received

some benefits, but eventually her benefits were terminated. *Id.*

On February 17, 2012, Hart filed suit in the 151st Judicial District Court of Harris County, Texas.  In her Original Petition, she asserted claims against the Hospital for negligence and defective premises.  Pl. Original Pet. ¶¶ 4.0–4.4, Doc. 1-4.  Hart later amended her petition to add her ERISA claim against SMC.  Doc. 1-6 ¶¶ 4.01–4.03.  Defendants filed a motion to dismiss Hart's negligence cause of action, which was denied at the conclusion of oral hearing on January 14, 2013.  Order Denying Def.'s Mot. to Dismiss (Doc. 1-15).  On January 31, 2013, Defendant filed a notice of interlocutory appeal of the state court's ruling on the motion to dismiss.  Def.'s Notice of Interlocutory Appeal (Doc. 1-16).  SMC timely removed the action to this Court on February 1, 2013, invoking the Court's original jurisdiction over Hart's ERISA claim.  Doc. 1 ¶¶ 1–4.  On February 8, 2013, Justice Harvey Brown granted Defendant's motion to abate the appeal based on the removal.  Order on Motion (Doc. 9-2).

In its notice of removal, SMC requested that the Court decline to exercise supplemental jurisdiction over Hart's state law claims and instead sever and remand them to state court.  *Id.* According to SMC, Hart's state law and ERISA claims are not part of the "same case or controversy" within the meaning of 28 U.S.C. § 1367, as they are "two completely independent controversies involving wholly different facts, issues, obligations, injuries, remedies, bodies of law, interparty relationships, and…defendants."  *Id.* at 2.  Additionally, SMC argues that even if the claims were part of the same case or controversy, Hart's state law claims would "substantially predominate" over her federal claims as they present novel and complex questions of Texas law.  *Id.* at 4–5.

Hart filed a response (Doc. 9) in which she does not oppose remand of her state law claims, but does oppose severance of her ERISA claims.[1]  She argues that the claims do arise

---

[1] During a scheduling conference held on June 4, 2013, Judge Stacy ordered that Hart respond to SMC's motion for severance and remand by June 28, 2013.  Hart did not file her response until July 2, 2013.  In its reply, SMC

from the same transaction or occurrence—her July 7, 2010 fall—and that the issues are the same

or overlap substantially.  *Id.* at 4.  In addition, she argues that severance will cause her undue

prejudice and increase the costs of litigation to the courts, the parties, and the witnesses.  *Id.* at 5.

Lastly, she claims that severance and remand of the state claims could result in inconsistent

factual findings and rulings.  *Id.*

SMC filed a reply (Doc. 10) in which it argues that the state law claims must be

remanded because the state trial court's ruling contravenes recent precedent, and that based on

newly established law, the state trial court erred in refusing to dismiss Hart's state law claims.

Doc. 10 at 2–3.  Also, as to Hart's argument that severance of her ERISA claims will increase

the costs of litigation, SMC points out that Hart will have to try her federal and state law claims

separately regardless of which forum she is in, as she is entitled to a jury on her state law claims

but not her ERISA claims.  *Id.* at 4.  Finally, SMC argues that there is no real risk of inconsistent

factual findings and rulings, and there is no "overlap" between the federal and state claims.  *Id.*

II.    **Legal Standard**

The removal statute, 28 U.S.C. § 1441(a), provides that any state court action over which

federal courts would have original jurisdiction may be removed from state to federal court.

Federal courts have original jurisdiction over "all civil actions arising under the Constitution,

laws or treaties of the United States."  28 U.S.C. § 1331.  Federal courts have supplemental

jurisdiction over "all other claims that are so related to claims in the action within such original

jurisdiction that they form part of the same case or controversy under Article III of the United

States Constitution."  *Id.* at § 1367.  State and federal claims form part of the same case or

controversy when they derive from a "common nucleus of operative fact."  *Davis v. Dep't of*

---

requests that Hart's response be stricken as untimely.  The Court finds that SMC was not unduly prejudiced by the
brief delay and therefore considers Hart's response despite its untimeliness.

*Health and Hosp.*, 195 Fed. Appx. 203, 205 (5th Cir. 2006) (citing *City of Chicago v. Int'l Coll. of* Surgeons, 522 U.S. 156, 164–66 (1997)).  A defendant may remove the entirety of an action that contains a combination of removable and non-removable claims.  *Id.* § 1441(c)(1).  Upon removal of such an action, the district court must sever all claims not within the original or supplemental jurisdiction of the court and remand the severed claims to the state court from which the action was removed.  *Id.* § 1441(c)(2).  Federal courts have discretion to decline to exercise supplemental jurisdiction over state law claims if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* at §1367(c).

Accordingly, a district court must engage in a two-step process when deciding the issue of supplemental jurisdiction.

> "First, the court must evaluate whether, in a civil action, the supplemental claim is so related to the claim or claims within the court's original jurisdiction that they form one case or controversy.  If the court answers this inquiry in the negative, then supplemental jurisdiction does not exist, and an independent basis for jurisdiction must exist for the claim to remain in federal court.  On the other hand, if the court finds that the claims are sufficiently related to the action, the court shall have supplement jurisdiction, and such jurisdiction is mandatorily present.  Second, even if the court has the undeniable *power* to hear the other claims over which it does not have original jurisdiction, the court may decline to exercise jurisdiction under four well-defined circumstances.  In sum, the court initially determines whether it *can* exercise jurisdiction over the supplemental claims, and if so, the court then decides whether it *should* exercise that jurisdiction."

*Wolinsky v. Oak Tree Imaging, LP*, 362 B.R. 770, 777–78 (S.D. Tex. 2007) (internal quotation marks and citations omitted).   In addition, considerations regarding "judicial economy,

convenience, fairness, and comity" are relevant to determining whether a court should retain state law claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 361; *United Mine Workers v. Gibbs*, 383 U.S. 715,726 (1966). Courts must strictly construe removal statutes in favor of remand and against removal. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002).

## III.  Discussion

SMC's removal of Hart's ERISA claim is proper under 28 U.S.C. § 1441(a) as it falls within the civil enforcement provision of the ERISA statute. Thus, the Court must determine whether it has supplemental jurisdiction over Hart's state law claims.

Hart and SMC vigorously dispute whether her state law claims and her ERISA claim arise from the same nucleus of operative facts. In *Hook v. Morrison Milling Co.*, the Fifth Circuit held that negligence claims against employers do not relate to ERISA plans for purposes of preemption. 38 F.3d 776, 784 (5th Cir. 1994) ("[A] claim for failing to maintain a safe workplace is "totally independent from the existence and administration of [an ERISA] plan."). *See also Woods v. Texas Aggregates, L.L.C.*, 459 F.3d 600, 602 (5th Cir. 2006); *McAteer v. Silverleaf Resorts, Inc.*, 514 F.3d 411, 418–19 (5th Cir. 2008) (reaffirming the holding in *Hook*). However, the Fifth Circuit subsequently stated that once a negligence claim against an employer is properly removed based on a court's original jurisdiction over a pendent ERISA claim, the federal court may exercise supplemental jurisdiction over a non-related claim pursuant to 28 U.S.C. § 1367(a). *Hernandez v. Jobe Concrete Prods. Inc.*, 282 F.3d 360, 362 n.3 (citing *Pyle v. Beverly Enters.-Tex., Inc.*, 826 F. Supp. 206, 211–12 (N.D. Tex. 1993)). Accordingly, the Court will proceed to analyze Hart's state law claims under the second prong of the supplemental jurisdiction analysis.

In this case, the Court declines to exercise supplemental jurisdiction over Hart's state law claims, as they involve novel and important issues of Texas law.  *See, e.g., McClelland v. Gronwaldt,* 155 F.3d 507, 519–20 (5th Cir. 1998) (relying on the novelty of at least one state law issue as a basis for remand), *overruled on other grounds, Arana v. Ochsner Health Plan,* 338 F.3d 433, 440 & n.11 (5th Cir. 2003) (en banc); *Kaplan v. Clear Lake City Water Auth.,* 794 F.2d 1059, 1066 (5th Cir. 1986) (affirming remand of state law issues that were "unique and not readily resolved").

In *Texas West Oaks Hosp., LP v. Williams*, 371 S.W.3d 171 (Tex. 2012), the Texas Supreme Court held that a health care provider employee's negligence claim against his health care provider employer, for injuries he sustained following an altercation with a mentally-ill patient, were healthcare liability claims under the Texas Medical Liability Act (TMLA).  In its opinion, the court adopted a particular construction of the term "safety" in the TMLA that expanded the scope of the statute to include claims indirectly related to the provision of health care.  *Id.* at 188 ("Health care liability claim" means a cause of action against a health care provider or physician for…[a] claimed departure from accepted standards…or safety…which proximately results in injury to or death of a claimant.") (citing Tex. Civ. Prac. & Rem. Code § 74.001(a)(13)).  The court did not define the precise bounds of the safety prong under the statute, but the decision opened the possibility that a "garden-variety premises case involving a visitor's slip-and-fall" may be a "health care liability claim" within the meaning of the TMLA.  *Christus St. Elizabeth Hosp. v. Guilloy*, No. 09-12-00490-CV, 2013 WL 6019523 (Tex. App.—Beaumont June 6, 2013, pet. filed).  Health care liability claims brought under the TMLA are subject to certain procedural requirements, including the filing of an expert report.  *See* Tex. Civ. Prac. & Rem. Code § 74.351.  There has been a split of authority among the Texas courts of appeals with

regard to the applicability of the *Texas West Oaks* decision to slip-and-fall cases.[2]  *Compare*

*Doctors Hosp. at Renaissance, Ltd. v. Mejia*, No. 13-12-00602-CV, 2013 WL 4859582 (Tex.

App.—Corpus Christi Aug. 1, 2013, pet filed) (affirming the trial court's order that denied a

hospital's motion to dismiss a case brought by the plaintiff, a visitor who fell on the waxed floor

of a walkway, where the plaintiff failed to file an expert report) *with Ross v. St. Luke's Episcopal*

*Hosp.*, No. 14-12-00885-CV, 2013 WL 1136613 (Tex. App.—Houston [14th Dist.] Mar. 19,

2013, pet. filed) (affirming the trial court's order dismissing a case where the plaintiff, a visitor

who fell in the hospital's lobby, failed to file an expert report).

The facts presented herein place this novel and important issue squarely before this

Court.  The trial court judge denied SMC's motion to dismiss on the grounds that the statutory

interpretation found in *Texas West Oaks* did not apply to this case.  This issue is now on appeal.

The question of whether a particular claim falls under the expert report requirements of the

TMLA is a question of law and is more appropriately resolved in Texas state court, which will

also serve the doctrine of comity.  *See Gibbs,* 383 U.S. at 726 ("Needless decisions of state law

should be avoided both as a matter of comity and to promote justice between the parties, by

procuring for them a surer-footed reading of applicable law.").  Accordingly, the Court declines

to exercise supplemental jurisdiction over Hart's state law claims pursuant to 28. U.S.C. §

1367(c)(1).

**IV.**    **Conclusion**

For the foregoing reasons, it is hereby

---

[2] The ruling in *Texas West Oaks* "prompted a response from the Texas Legislature. *See* Tex. H.B. 2644, 83d Leg., R.S. (2013).  Among other things, House Bill 2644 would have amended the TMLA to clarify that the definition of a health care liability claim "does not include claims arising from an injury to or death of a person who is not a patient, including employment and premises liability claims." *Id.*  Ultimately, House Bill 2644 was not enacted. Therefore, the statutory interpretation adopted by the Texas Supreme Court in *Texas West Oaks* remains the controlling legal standard for purposes of this case." *Doctors Hosp. at Renaissance, Ltd. v. Mejia*, No. 13-12-00602-CV, 2013 WL 4859582, at *5 n.1.

**ORDERED** that Defendant's Motion for Severance and Remand (Doc. 1) is **GRANTED** and Plaintiff's non-ERISA claims against Select Specialty Hospital are severed and remanded. The Clerk shall mail a certified copy of this Order of Remand to the 151st Judicial District of Harris Court, Texas, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, this 19th day of February, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE